**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION**

CRYSTAL CHARMAINE PATCHEN; and
DEBRA P. WIGGINS,

      Plaintiffs,

v.

JEFF EVANS; SCOTT TANNER; LEON
MCKINNEY; ANTHONY TILLMAN;
ROBERT EUNICE; MARK MELTON; JOEY
COLEMAN; and STACEY WILKERSON, in
their official capacities,

      Defendants.

CIVIL ACTION NO.: 2:17-cv-62

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiffs, pretrial detainees at the Appling County Detention Center in Baxley, Georgia, filed a Complaint pursuant to 42 U.S.C. § 1983 contesting their arrests by Defendants. (Doc. 1.) For the reasons set forth below, the Court **DENIES** Plaintiffs' Motion for Leave to Proceed *in Forma Pauperis*, (doc. 2). Additionally, I **RECOMMEND** that the Court **DISMISS** Plaintiffs' Complaint **WITHOUT PREJUDICE** and **DENY** Plaintiffs leave to appeal *in forma pauperis*.

### BACKGROUND

Plaintiffs attempt to bring this suit contesting their arrests by Defendants. (Doc. 1.) Plaintiffs aver that Defendants arrested and searched them on February 23, 2017, without probable cause. (Id. at p. 16.) Plaintiffs request as relief that they be given bond and allowed to read the search warrants related to their arrests. (Id.)

**STANDARD OF REVIEW**

Plaintiffs seek to bring this action *in forma pauperis* and pursuant to 42 U.S.C. § 1983. Under 28 U.S.C. § 1915(a)(1), the Court may authorize the filing of a civil lawsuit without the prepayment of fees if the plaintiff submits an affidavit that includes a statement of all of her assets and shows an inability to pay the filing fee and also includes a statement of the nature of the action which shows that she is entitled to redress. Even if the plaintiff proves indigence, the Court must dismiss the action if it is frivolous or malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii). Additionally, pursuant to 28 U.S.C. § 1915A, the Court must review a complaint in which a prisoner seeks redress from a governmental entity. Upon such screening, the Court must dismiss a complaint, or any portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

When reviewing a Complaint on an application to proceed *in forma pauperis*, the Court is guided by the instructions for pleading contained in the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 8 ("A pleading that states a claim for relief must contain [among other things] . . . a short and plain statement of the claim showing that the pleader is entitled to relief."); Fed. R. Civ. P. 10 (requiring that claims be set forth in numbered paragraphs, each limited to a single set of circumstances). Further, a claim is frivolous under Section 1915(e)(2)(B)(i) "if it is 'without arguable merit either in law or fact.'" Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)).

Whether a complaint fails to state a claim under Section 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). Thompson v. Rundle, 393 F. App'x 675, 678 (11th Cir. 2010). Under that

standard, this Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A plaintiff must assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Twombly, 550 U.S. at 555. Section 1915 also "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Bilal, 251 F.3d at 1349 (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

In its analysis, the Court will abide by the long-standing principle that the pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972); Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys.") (emphasis omitted) (quoting Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003)). However, Plaintiffs' unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993) ("We have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

## DISCUSSION

### I. Claims of Multiple Plaintiffs in One Action

The Eleventh Circuit Court of Appeals has considered the issue of whether "the Prison Litigation Reform Act ["PLRA"] permits multi-plaintiff *in forma pauperis* ["IFP"] civil actions." Hubbard v. Haley, 262 F.3d 1194, 1196 (11th Cir. 2001). In Hubbard, the Court of Appeals

noted that "the intent of Congress in promulgating the PLRA was to curtail abusive prisoner tort, civil rights and conditions of confinement litigation." Id. (citing Anderson v. Singletary, 111 F.3d 801, 805 (11th Cir. 1997)). After interpreting the PLRA, the Eleventh Circuit upheld a district court's dismissal of a multiple-prisoner/plaintiff lawsuit wherein the plaintiffs sought to proceed *in forma pauperis* together. The Eleventh Circuit concluded that "the PLRA clearly and unambiguously requires that 'if a prisoner brings a civil action or files an appeal [IFP], the prisoner shall be required to pay the full amount of the filing fee.'" Id. at 1197 (citing 28 U.S.C. § 1915(b)(1)). Specifically, the Eleventh Circuit affirmed the following procedure:

> The district court never reached the merits of the case, but instead dismissed the case, finding that each plaintiff had to file a separate complaint and pay a separate filing fee. To facilitate its ruling, the district court indicated that it would open a new suit with a separate number in each of the plaintiff's names and consider the original complaint to be their complaints. The majority of the 18 plaintiffs had already filed separate petitions to proceed IFP. The court directed each of the remaining plaintiffs to file his own form complaint and petition to proceed IFP. The court then dismissed the original multi-plaintiff complaint without prejudice.

Id. Ultimately, the Eleventh Circuit determined that "the plain language of the PLRA requires that each prisoner proceeding IFP pay the full filing fee[.]" Id.

As in Hubbard, Plaintiffs have jointly filed a Complaint and Motion to Proceed *in Forma Pauperis*. Allowing Plaintiffs to proceed together and bring their claims in a single lawsuit would circumvent the Congressional purpose in promulgating the PLRA. Id. at 1197–98. That is, "[t]he modest monetary outlay will force prisoners to think twice about the case and not just file reflexively." Id. at 1198 (quoting 141 Cong. Rec. S7526 (May 25, 1995) (statement of Sen. Kyle)). Furthermore, allowing Plaintiffs to proceed jointly would directly contradict the Eleventh Circuit's conclusion that "the PLRA clearly and unambiguously requires that 'if a prisoner brings a civil action or files an appeal [IFP], the prisoner shall be required to pay the full amount of the filing fee.'" Id. at 1197 (citing 28 U.S.C. § 1915(b)(1)). In sum, any attempt by

4

Plaintiffs to proceed in this action together violates the requirements of the PLRA. See Bowens v. Turner Guilford Knight Det., 510 F. App'x 863 (11th Cir. 2013) (affirming dismissal of complaint under Hubbard in which six inmates joined claims in a single suit); Garcia v. McNeil, No. 4:07-CV-474-SPM/WCS, 2010 WL 4823370, at *2 (N.D. Fla. Aug. 12, 2010), *report and recommendation adopted*, No. 4:07-CV-474-SPM/WCS, 2010 WL 4818067 (N.D. Fla. Nov. 22, 2010) ("Hubbard decided that since every prisoner must pay a full filing fee, and since other litigants who join together in one complaint pay only one filing fee, prisoners cannot join under Rule 20. That means that the prisoners here, who have a lawyer and who do not pursue frivolous claims, cannot join under Rule 20 in light of Hubbard—even if each of them pays [the filing fee]. This court is bound by Hubbard.").

Eleventh Circuit law clearly prohibits multiple prisoner-plaintiffs from proceeding *in forma pauperis* in the same civil action. Consequently, the Court **DENIES** Plaintiffs' Motion to Proceed *in Forma Pauperis*. (Doc. 2.) Additionally, I **RECOMMEND** that the Court **DISMISS** this action **WITHOUT PREJUDICE** and require each Plaintiff to file her own individual complaint with each paying the Court's filing fee or moving to proceed *in forma pauperis* individually.

## II.     Heck v. Humphrey **and the** Rooker-Feldman **Doctrine**

Plaintiffs' Complaint centers on their arrest and detention in the Appling County Detention Center. Plaintiffs give no indication whether they have been convicted of the crimes for which they were arrested, much less whether those convictions have been reversed, expunged, invalidated, called into question by a federal court's issuance of a writ of habeas corpus, or otherwise overturned. (Doc. 1.) Consequently, this Court is precluded from reviewing their claims by the decision in Heck v. Humphrey, 512 U.S. 477 (1994).

In Heck, a state prisoner filed a Section 1983 damages action against the prosecutors and investigator in his criminal case for their actions which resulted in his conviction. The United States Supreme Court analogized the plaintiff's claim to a common-law cause of action for malicious prosecution, which requires as an element of the claim that the prior criminal proceeding be terminated in favor of the accused. 512 U.S. at 484. The Supreme Court reasoned:

> We think the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments applies to § 1983 damages actions that necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement, just as it has always applied to actions for malicious prosecution (footnote omitted).
>
> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, (footnote omitted), a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Id. at 486–87 (emphasis added).

Under Heck, a plaintiff who is attempting "to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," must make a showing that his conviction, sentence, or other criminal judgment was reversed, expunged, declared invalid by an appropriate state tribunal, or called into question in a federal court's issuance of a writ of habeas corpus. Id. If a plaintiff fails to make this showing, then he cannot bring an action under

Section 1983. Id. at 489. Furthermore, to the extent a plaintiff contends that a favorable ruling on his claims would not invalidate his conviction, sentence, confinement, or other criminal judgment, the burden is on the plaintiff to prove this contention in order for his claims to proceed. Id. at 487. Although Heck involved a claim brought under 42 U.S.C. § 1983 for money damages, Heck's holding has been extended to claims seeking declaratory or injunctive relief, as well as money damages. See Wilkinson v. Dotson, 544 U.S. 74, 81–82 (2005); Abella v. Rubino, 63 F.3d 1063, 1066 (11th Cir. 1995); see also Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) ("[W]e hold today that when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."); Desravines v. Fla. Dep't of Fin. Servs., No. 6:11-CV-235-ORL-22, 2011 WL 2292180, at *3 (M.D. Fla. May 23, 2011), *report and recommendation adopted by* No. 6:11-CV-235-ORL-22, 2011 WL 2222170 (M.D. Fla. June 8, 2011) (citing Gray v. Kinsey, No. 3:09-cv-324/LC/MD, 2009 WL 2634205, at *9 (N.D. Fla. Aug. 25, 2009) ("Under this standard, it is not unusual for a § 1983 claim to be dismissed for failure to satisfy Heck's favorable termination requirement."); Domotor v. Wennet, 630 F. Supp. 2d 1368, 1379 (S.D. Fla. 2009) ("allowing the plaintiff to circumvent applicable state procedures and collaterally attack her convictions in federal court is the precise situation that Heck seeks to preclude" when plaintiff entered into a plea agreement with knowledge of substantially all of the allegations that now form the basis of a § 1983 action for damages); Cooper v. Georgia, No. CV413-091, 2013 WL 2253214, at *2 (S.D. Ga. May 22, 2013), *report and recommendation adopted by* No. CV413-091, 2013 WL 2660046 (S.D. Ga. June 11, 2013); Brown v. Renfroe, No. CV210-003, 2011 WL 902197, at *2 (S.D. Ga.

Jan. 25, 2011), *report and recommendation adopted by* No. CV210-003, 2011 WL 892359 (S.D. Ga. Mar. 9, 2011), *aff'd sub nom.*, Brown v. Coleman, 439 F. App'x 794 (11th Cir. 2011).

In this case, Plaintiffs have not shown favorable termination of their convictions or sentences. In fact, Plaintiffs do not even indicate whether they have been convicted or what sentences they may have received. Their chief complaint is that they feel their arrests and subsequent searches were wrongful. (Doc. 1, p. 6.) Accordingly, the Heck decision precludes Plaintiffs' claims.

Even if Plaintiffs are not challenging any convictions, they are at least challenging their post-arrest confinement. However, Heck is not only limited to claims challenging the validity of criminal convictions. It also applies to detentions absent convictions. See Hamilton v. Lyons, 74 F.3d 99, 102–03 (5th Cir. 1996) (applying Heck to a Section 1983 claim challenging the coercive nature of a pretrial detainee's confinement prior to giving a statement regarding pending charges); Cohen v. Clemens, 321 F. App'x 739, 741 (10th Cir. 2009) (In the immigration context, "Heck bar[red the plaintiff's] claims for damages because success on those claims would necessarily imply the invalidity of [his] detention."); Edwards v. Balisok, 520 U.S. 641 (1997) (applying Heck to a Section 1983 claim challenging procedures used to deprive a prison inmate of good time credits); Huftile v. Miccio-Fonseca, 410 F.3d 1136, 1137 (9th Cir. 2005) (applying Heck to a Section 1983 claim challenging civil commitment under California's Sexually Violent Predators Act).

Additional grounds also support dismissal, to the extent Plaintiffs are requesting that the Court review any underlying criminal convictions. Pursuant to the Rooker-Feldman doctrine, the Court is without jurisdiction over Plaintiffs' claims, which essentially seek review of state-court criminal charges against them. "The Rooker-Feldman doctrine derives from Rooker v. Fidelity

Trust Company, 263 U.S. 413 (1923), and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983), and provides that, as a general matter, federal district courts lack jurisdiction to review a final state court decision." McCorvey v. Weaver, No. 15-10470, 2015 WL 5751756, at *1 (11th Cir. Oct. 2, 2015). "Rooker-Feldman applies because, among the federal courts, Congress authorized only the Supreme Court to reverse or modify a state court decision." Helton v. Ramsay, 566 F. App'x 876, 877 (11th Cir. 2014) (citing Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005)). To the extent Plaintiffs ask this Court to invalidate their indictments, this Court lacks jurisdiction over their claims.

For these reasons, the Court should **DISMISS** Plaintiffs' claims in their entirety.

### III. Younger Abstention Doctrine

Additionally, insofar as Plaintiffs are asking this Court to intervene in the state's ongoing proceedings, the Younger abstention doctrine bars Plaintiffs' Complaint. Under the Younger abstention doctrine, a federal court must abstain from exercising jurisdiction over a case where there is an ongoing state action. See Younger v. Harris, 401 U.S. 37 (1971). While Younger involved a federal suit for injunctive relief of the ongoing state proceedings, the Eleventh Circuit has also indicated that the Younger abstention extends to cases involving Section 1983 claims for monetary damages. See Doby v. Strength, 758 F.2d 1405, 1405–06 (11th Cir. 1985) (requiring Younger abstention where plaintiff raised Fourth Amendment Section 1983 damages claims related to ongoing state criminal proceedings); see also Kowalski v. Tesmer, 543 U.S. 125, 133 (2004) (intervention in ongoing state court proceedings is not appropriate as a Section 1983 cause of action when there is ample opportunity to raise constitutional challenges in those state court proceedings).

Here, because the statuses of Plaintiffs' indictments are unknown and potentially ongoing, any ruling by this Court as to the constitutionality of Defendants' actions could substantially interfere with the results reached in the state court proceedings. See 31 Foster Children v. Bush, 329 F.3d 1255, 1276 (11th Cir. 2003) (noting the importance of "whether the federal proceeding will interfere with an ongoing state court proceeding" in determining whether Younger abstention is appropriate). Moreover, Plaintiffs cannot demonstrate the lack of an adequate remedy at law because they are free to allege the same violations by Defendants in their state criminal proceedings. See Boyd v. Georgia, No. CV 112-042, 2012 WL 2862157, at *2 (S.D. Ga. May 14, 2012), *report and recommendation adopted*, No. CV 112-042, 2012 WL 2862123 (S.D. Ga. July 11, 2012), *aff'd*, 512 F. App'x 915 (11th Cir. 2013) (concluding that plaintiff had an adequate remedy at law with respect to constitutional claims that he could bring in his pending state criminal case). In addition, Plaintiffs' allegations provide no indication of irreparable injury, and the hardships associated with having to defend against a criminal prosecution do not establish any such injury as a matter of law. Younger, 401 U.S. at 47 ("Certain types of injury, in particular, the cost, anxiety, and inconvenience of having to defend against a single criminal prosecution, could not by themselves be considered 'irreparable' in the special legal sense of that term.").

For these additional reasons, the Court should **DISMISS** Plaintiffs' claims in their entirety.

### IV. Leave to Appeal *in Forma Pauperis*

The Court should also deny Plaintiffs leave to appeal *in forma pauperis*.[1] Though Plaintiffs have, of course, not yet filed a notice of appeal, it would be appropriate to address

---

[1] A certificate of appealablity is not required in this non-habeas action.

these issues in the Court's order of dismissal. Fed. R. App. P. 24(a)(3) (trial court may certify that appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Stated another way, an *in forma pauperis* action is frivolous and, thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiffs' action, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** *in forma pauperis* status on appeal.

## CONCLUSION

For the numerous reasons set forth above, the Court **DENIES** Plaintiffs' Motion for Leave to Proceed *in Forma Pauperis*, (doc. 2). Additionally, I **RECOMMEND** that the Court **DISMISS** this action **WITHOUT PREJUDICE** and **DENY** Plaintiffs leave to appeal *in forma pauperis*.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within fourteen (14) days of the date on which this Report and

Recommendation is entered.  Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included.  Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge.  See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985).  A copy of the objections must be served upon all other parties to the action.  The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.  The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon the Plaintiffs.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 23rd day of June, 2017.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA